NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Stacy Ho, | |
| *Plaintiff*, | Civil Action No. 17-557 |
| v. | **OPINION** |
| Pholicious Inc., | |
| *Defendant.* | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Stacy Ho's ("Plaintiff") Motion for Default Judgment against Defendant Pholicious Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 7. For the reasons set forth herein, the motion is **DENIED**.

## I.   BACKGROUND

This appears to be a case of a franchise deal gone wrong. Plaintiff wished to open a "Pholicious" location in the Woodbridge Center Mall in Woodbridge, New Jersey (an eatery that apparently sells PHO, Vietnamese sandwiches and BOBA tea), and Defendant Pholicious, Inc. allegedly agreed to accept $40,000 for the right to do so. See Compl. ¶ 5. But even the best laid plans often go astray. Plaintiff went over budget, the Woodbridge location never opened, and now Plaintiff seeks a refund of her $40,000 and other compensatory, statutory, and punitive damages and fees. Id. ¶¶ 13-40.

The Complaint does not include many dates, times, or other specifics, nor are Plaintiff's various theories of recovery very clear, but as far as the Court can tell, Plaintiff's allegations fall into two general buckets: (1) Defendant knew about, and either failed to disclose or affirmatively

misrepresented, the amount of money it would actually take to open and run a Pholicious location; and (2) Defendant or its agents "took advantage of" Plaintiff after she paid the $40,000, demanding more money and/or refusing to acknowledge the money she had already paid. See id. ¶¶ 7-17.

## A. The Budget

Plaintiff alleges that Defendant represented, "[a]t all relevant times," that $40,000 was the total cost for opening the Pholicious location in Woodbridge. Id. ¶ 7. She claims "Defendant intentionally concealed hidden costs and liabilities from Plaintiff in connection with Plaintiff's opening a Pholicious restaurant location, and Plaintiff has expended far in excess of the $40,000 Defendant was led to believe the process would cost." Id. ¶ 12. Plaintiff says she "specifically advised Defendant of her budget prior to the parties entering into their agreement, and told Defendant she could not open a restaurant if the costs exceeded that budget." Id. ¶ 15. She claims "Defendant assured Plaintiff the process would remain within her budget, but was misleading Plaintiff when it made that assurance." Id. ¶ 16.

## B. The Payments

Plaintiff further alleges that, after paying $40,000 to Defendant, "Defendant began a campaign of demanding more and more funds to advance Plaintiff's efforts, which excess funds were never disclosed to Plaintiff when Plaintiff entered into her agreement with Defendant." Id. ¶¶ 6, 8. Defendant allegedly disavowed "knowledge of whether or not it had received Plaintiff's money" as well as "the acts of its agents and representative when Plaintiff complained its money was disappearing and she was being taken advantage of." Id. ¶¶ 9-10. Plaintiff claims she "went to Defendant's COO to advise that Defendant had acted improperly, and the COO's e-mail response was, 'Why should I care?'" Id. ¶ 11.

## C. The Complaint

On that factual basis, the Complaint includes the following claims: (1) breach of contract ("Count One"); (2) "legal fraud"[1] ("Count Two"); (3) breach of the covenant of good faith and fair dealing ("Count Three"); (4) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-2 ("Count Four").[2]

## II.  LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008).  Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

When a plaintiff pleads a claim sounding in fraud, Rule 9(b) imposes a heightened pleading standard, namely: "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The circumstances of the fraud must be stated with sufficient

---

[1] Plaintiff's claim for "legal fraud" is reasonably construed as one for common law fraud under New Jersey law.

[2] The Complaint also contains a Count Five, for "rescission," but under New Jersey law rescission is a remedy, and not an independent cause of action.  See, e.g., First Am. Title Ins. Co. v. Lawson, 177 N.J. 125, 143 (2003).

particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

III. ANALYSIS

The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of New Jersey, Defendant is a corporation based in Florida, and the amount in controversy exceeds $75,000. See Compl. ¶¶ 2-4. The Court has personal jurisdiction over the Defendants because Plaintiff alleges a substantial portion of events giving rise to the claims occurred within New Jersey. See id. ¶¶ 5-17.

The Court is not satisfied, however, that Defendant has been properly served. Plaintiff provided (1) an acknowledgement of service of an individual named Tai Nguen at a location in King of Prussia, Pennsylvania, who Plaintiff indicated is a "managing agent" of Defendant, see ECF No. 3; and (2) an affidavit of service of a "John Doe" at the same location, who Plaintiff indicated is a "person authorized to accept service" on behalf of Defendant, see ECF No. 4. But Plaintiff fails to specify how the individual "Tai Nguen" (and/or "John Doe"), an individual located in King of Prussia, Pennsylvania, is qualified under the Federal Rules of Civil Procedure to accept service for a Florida-based defendant with no alleged ties to Pennsylvania.

The requirements for serving a corporation, partnership, or association are set forth in Rule 4(h). Under Rule 4(h), when a corporation is served within the United States, it must be served either (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or (2) by otherwise following state law for courts of general jurisdiction in the state where service is made or where the district court is located. Fed. R. Civ. P. 4(h); Fed. R. Civ. P. 4(e)(1).

Under Rule 4(h) and its New Jersey and Pennsylvania analogs, whether an individual qualifies as a "managing agent" of a corporation "depends on a factual analysis of that person's authority within the organization." Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 513 (3d Cir. 1971); see also O'Connor v. Altus, 67 N.J. 106, 128 (1975); Goldberg v. Mutual Readers League, Inc., 195 F.Supp. 778, 783 (E.D. Pa. 1961). And this authority must be substantial: "[I]t is reasonable to expect that such an agent will have broad executive responsibilities and that his relationship will reflect a degree of continuity." Gottlieb, 452 F.2d at 513 (citing Aquascutum of London, Inc. v. S.S. Am. Champion, 426 F.2d 205 (2d Cir. 1970)).

On the record before the Court, it is impossible to determine whether Tai Nguen is a "managing agent" of Pholicious, Inc., a corporation against which Plaintiff is asking the Court to impose a default judgment of $215,314.99. Plaintiff's unsupported legal conclusion that Tai Nguen is a "managing agent" of Defendant does not suffice, and in any renewed motion for default judgment, Plaintiff must set out in clear, specific terms the factual and legal basis upon which Plaintiff is asking this to Court conclude that Defendant has been properly served in this matter.[3] Until such time, default judgment is inappropriate.

---

[3] Plaintiff should also note that default judgment cannot be granted on any claims for which Plaintiff has not sufficiently pled a cause of action. See Chanel, 558 F. Supp. 2d at 535-36. For fraud-based claims, "the plaintiff must plead or allege the date, time and place of the alleged fraud

**IV.** **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for default judgment, ECF. No. 7, is

**DENIED** without prejudice.  An appropriate Order accompanies this Opinion.

**Dated: May 7th, 2018**

/s Madeline Cox Arleo_____
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico,
507 F.3d at 200.